PARKER, Judge.
David Sevier appeals an order which denied his motion for postconviction relief. He raises the grounds of ineffective assist- *772 anee of counsel and newly discovered evidence. We affirm as to his claim of ineffective assistance of counsel and reverse on the issue of newly discovered evidence.
Sevier is serving a life sentence for first-degree murder. This court affirmed the judgment and sentence in Sevier v. State, 547 So.2d 642 (Fla. 2d DCA 1989). We are unsure of the testimony presented at trial because this record does not contain the trial transcript. Counsel, however, represented the following to be the testimony at trial. Sevier, Porky Boyd, and the victim, John Higgins, were together the night before the shooting of Higgins, and Sevier and Higgins had a fight. Boyd and Sevier left Higgins under a bridge. The next morning Sevier, angry about the fight, said that he should “shoot this guy’s legs off.” Sevier and Boyd got into a pickup truck with Sevier driving and went to the bridge where they had left Higgins the previous night. Two witnesses who were under the bridge heard the truck stop and heard Sevier ask, “Have you seen John [Higgins]?” One witness pointed to Higgins. The witnesses testified that they saw Sevier pull up the truck, point a shotgun out of the window, and shoot Higgins. Sevier said, “Bye-bye John” and drove off. Boyd testified at trial that Sevier shot the victim. Sevier testified that Boyd shot him.
The newly discovered evidence in this case is the testimony of Charles Dean, an inmate incarcerated at Cross City Correctional Institution. Dean testified at the postconviction relief evidentiary hearing that he knew Sevier from when they were both incarcerated in the county jail. He also knew Porky Boyd, Sevier’s codefend-ant, whom Dean also met in county jail. Dean alleges that he overheard Boyd telling another inmate that he had shot a man under the 19th Street bridge and bragged that he was going to “screw over” his codefendant. Boyd allegedly said that he had two friends who were present at the scene when the shooting happened and that they planned on testifying for him. Dean testified that he did not tell anyone what he overheard because he did not know to whom Boyd was referring when he talked about his codefendant. Later when Dean and Sevier were incarcerated at the same prison, Sevier mentioned Porky Boyd, at which time Dean told Sevier what he had heard Boyd say.
Sevier testified that he first learned of Dean’s knowledge of his case after he had been sentenced. William Jerry Hargrove, another inmate, also testified at the hearing. He stated that he knew both Dean and Sevier and that he heard Dean tell Sevier about Boyd’s comments concerning the shooting.
The state concedes that this is newly discovered evidence but argues that it is not sufficient for the granting of a new trial. The standard for granting a new trial based on newly discovered evidence is that “the newly discovered evidence must be of such nature that it would probably produce an acquittal on retrial.” Jones v. State, 591 So.2d 911, 915 (Fla.1991) (emphasis in original). The Jones court further held that it is necessary for the trial judge “to evaluate the weight of both the newly discovered evidence and the evidence which was introduced at the trial.” Jones, 591 So.2d at 916.
It is apparent from the transcript of the evidentiary hearing that the trial judge used the incorrect standard. He ruled as follows: “It seems to me like it would not conclusively have produced, even if you had this testimony, a different verdict. All it would have been is who do you believe.” This case, therefore, must be reversed and remanded to the trial court to consider this motion using the correct standard and to evaluate the weight of both the newly discovered evidence and the evidence introduced at trial. We direct the trial court, in its order, to refer specifically to the parts of the trial record which support its conclusion.
Reversed and remanded with directions.
SCHOONOVER, C.J., and HALL, J„ concur.